CHARLES GODSHAW, TRUSTEE, ET AL., v. G. ROBERTS, ET AL.

**Compensation of Jurors.**

One called from the bystanders to serve on the jury and who is not a member of the regular panel is not entitled to compensation unless he serves more than one day.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 3, 1880.

OPINION BY JUDGE PRYOR:

The appellant, as trustee of the jury fund, was not indebted to the appellee, and after the allowance had been made to the juror (appellee) the court below directed his imprisonment, not only for contempt, but as a means of coercing the payment of the money, and from that order the appellant has appealed. His refusal to pay the juror and the order directing his imprisonment until paid, necessarily involves the validity of the order directing its payment. The case of *Ex parte Herrick*, 78 Ky. 23, presented the question as to the right of a policeman of the city of Louisville to compensation as a witness in behalf of the commonwealth in a prosecution for felony. This court entertained jurisdiction on the idea that it was not a judgment for money nor embraced within the first and second sections of Art. 22 of Chap. 28, General Statutes; nor is the allowance in this case to be regarded as a judgment for money, and therefore the whole question as to the propriety of the allowance, as well as the mode of coercing its payment, will be considered.

The principal question in the case is: Is a bystander who is sworn and serves as a juror for only one day and is then discharged to be paid as jurors forming the regular panel? The 12th section of Art. 5, Chap. 62, Gen. Stat., expressly provides that: "Bystanders summoned and not sworn as jurors shall be discharged without pay. If sworn and serve more than one day at any one time, they shall be paid as other jurors."

That the jury in this case was summoned by order of the chancellor cannot affect the construction to be given the statute, and if the chancellor was entitled to a regular panel as in the circuit court, the juror, if a bystander and serving only one day, would not be entitled to compensation. A bystander is one who does not constitute a part of the standing jury or the jury summoned for the term. A standing jury is the one selected by the jury commissioners in accordance with the statute, or if no commissioners have been appointed for that purpose, the jury summoned by the sheriff under the order of court constitute the regular panel.

All others summoned as jurors are only bystanders, and when summoned must serve longer than one day before an allowance can be made for their services. The circuit judge, county judge, police judges, etc., all have jurisdiction to hold inquests of lunacy, and a jury empaneled and sworn to try the particular case, and not serving longer than one day, is not entitled to an allowance unless it is the

standing jury selected in accordance with the statute and then discharging its duties as such or summoned as the regular panel for the term.

The chancery court of Louisville has no regular panel or standing jury, and therefore all the jurors summoned by order of the chancellor must be regarded as bystanders and embraced by the provisions of Sec. 12, Art. 5, Gen. Stat., already cited. Nor would the rule be changed if a jury of bystanders had been ordered to be summoned by the circuit judge. It sometimes happens that the regular panel is deliberating on issues already submitted for their consideration, and the court from necessity is compelled to summon a jury of bystanders to pass upon questions of lunacy, etc. In all such cases the juror is not entitled to pay unless he serves more than one day.

The protection the law gives to each individual citizen, in respect to both his person and property must be regarded as ample consideration for the services rendered, and while it may be inconvenient for the man of business to respond in person to the summons of the chancellor it is a part of the public burden he should cheerfully bear without any nominal consideration.

The order directing the imprisonment of the appellant as well as the allowance should be set aside, and a reversal is directed for that purpose.

*P. W. Hardin, for appellants.    C. B. Seymour, for appellees.*